UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 09-10298-GAO

UNITED STATES OF AMERICA

v.

VICTORIA A. JORDAN,
Defendant.

OPINION AND ORDER
September 30, 2014

O'TOOLE, D.J.

In 2009, the defendant, Victoria A. Jordan, pled guilty to fifteen counts of wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to embezzle funds from her employer, White Magic, Inc. During the change of plea hearing, she admitted to fraudulently inflating her salary at White Magic, writing unauthorized checks payable to cash drawn on White Magic bank accounts, and making personal purchases using the White Magic credit card, among other things. The defendant was sentenced to 36 months of incarceration and 3 years of supervised release. She now moves to vacate her convictions pursuant to 28 U.S.C. § 2255 on the basis that her counsel was constitutionally ineffective and that she is actually innocent of the crimes to which she pled guilty. The defendant seeks to depose witnesses whom her counsel failed to interview prior to the plea hearing, and she requests an evidentiary hearing at the close of discovery.

The defendant claims that her attorney failed to conduct an adequate pre-plea investigation, which should have included interviews with accountant Betsy Mascaro, a representative of Paychex about their record-keeping practices, and White Magic employees with

access to corporate payroll information, among others. According to the defendant, these interviews could have led to the discovery of evidence supporting her defense that P.R., the president of White Magic, was aware of her increased salary and that the unauthorized checks were actually for legitimate business expenses.

Post-conviction relief pursuant to § 2255 is an extraordinary remedy that is available only if the petitioner can demonstrate a sufficient showing of fundamental unfairness. Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). When raising a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness, and (2) the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 691-92 (1984). Where a defendant has pled guilty, the prejudice inquiry is whether counsel's "performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## I.    Deficient Performance of Counsel

There is a factual dispute as to whether, and, if so, why the defendant's former attorney did not conduct more extensive investigation. In an affidavit, the defendant's former attorney states that the defendant told him that P.R. had very little contact with Ms. Mascaro and that the defendant alone provided financial information to Ms. Mascaro. (Government's Opp'n, Ex. 1 at ¶ 11 (dkt. no. 49).) Conversely, the defendant submitted an affidavit disavowing those statements. She attests that Ms. Mascaro worked under P.R.'s supervision and likely reported the defendant's salary to P.R. (Mot. to Vacate, Ex. 1 at ¶ 5 (dkt. no. 26).) In addition, the defendant has submitted multiple letters that she wrote to her former attorney before the Rule 11 hearing. In these letters, she contends that she is innocent and provides explanations for unauthorized checks.

Typically, a court will not look to affidavits or other unsworn documents to resolve disputes of fact. <u>Miller v. United States</u>, 564 F.2d 103, 105-06 (1st Cir. 1977) ("Affidavits may assist only in determining if there is a genuine issue of fact to resolve."). However, even if the Court accepts the defendant's allegation that her attorney failed to conduct a meaningful investigation, the defendant must demonstrate that she was prejudiced by his performance. As explained herein, she cannot make this showing.

## II.    <u>Prejudice</u>

The heart of the defendant's ineffective assistance of counsel claim is that she is actually innocent and, but for her attorney's deficient performance, she would not have pled guilty. However, her claim of innocence directly conflicts with her own statements under oath. At the Rule 11 hearing, an attorney for the United States detailed the allegations against the defendant, and the defendant stated that those allegations were accurate. (Change of Plea Tr. at 22-24 (dkt. no. 9).) The Court also inquired as to whether the defendant had an opportunity to consult with her attorney and whether she understood the consequences of accepting the government's plea, and she said that she had. (<u>Id.</u> at 9-12.)

Where a § 2255 petition alleging ineffective assistance of counsel is "conclusively refuted as to the alleged facts by the files and records of the case," summary dismissal is warranted. <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993) (quoting <u>United States v. DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. 1978)). The First Circuit has repeatedly found that a defendant is bound by the statements she made under oath at a Rule 11 hearing. <u>See, e.g.</u>, <u>United States v. Gates</u>, 709 F.3d 58, 69-70 (1st Cir. 2013) ("A defendant is normally bound by the representations that he himself makes in open court at the time of his plea."); <u>United States v. Padilla-Galarza</u>, 351 F.3d 594, 597-98 (1st Cir. 2003) ("Ordinarily, a defendant is stuck with the

representations that he himself makes in open court at the time of the plea."). Indeed, the First Circuit has so held even where there was a valid concern that, at the time of the hearing, a defendant was suffering from severe mental issues of which the district court was unaware. Padilla-Galarza, 361 F.3d at 598. The defendant contends that she pled guilty only because she feared she would be unable to defend her case and because she believed she would receive a reduced sentence after a plea. (Mot. to Vacate, Ex. 5 ¶ 11 (dkt. no. 26).) She relies on a self-accusation of prior perjury in asking to be believed now. Courts have been understandably reluctant to grant relief under such circumstances. Without "credible, valid reasons why a departure from . . . earlier contradictory statements is now justified," the defendant's ineffective assistance of counsel claim is unavailing. United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). Because the defendant's petition fails to demonstrate that she was actually innocent of the crimes charged, she cannot show that she was prejudiced by her defense attorney's performance.

To be sure, there are cases where defendants have been relieved from prior guilty pleas. In United States v. Colon-Torres, 382 F.3d 76 (1st Cir. 2004), the First Circuit remanded a case to the district court where the defendant was subject to a mandatory minimum above the sentence negotiated in his plea agreement. Because counsel was unaware of the defendant's full criminal history at the time of the Rule 11 hearing, the defendant was misinformed and thought that he would be eligible for a shorter sentence when he agreed to plead guilty. Id. at 82-84. Similarly, in Kovacs v. United States, 744 F.3d 44 (2d Cir. 2014), counsel never informed the defendant, a foreign national, that his plea would adversely affect his immigration status. Furthermore, the defendant may have been able to negotiate a plea that would have allowed him to reenter the United States. Id. at 52-53. In cases like these, there was a reasonable probability that the defendants would have proceeded differently had they been aware of the unexpected

consequences of their pleas. But they did not simply flatly contradict the under-oath admissions they made about their factual guilt.

By contrast, Jordan has not demonstrated that she was subject to any unforeseen consequences after pleading guilty. Her motion to vacate and accompanying exhibits do not claim that her counsel misinformed her of the consequences of her plea or omitted material information that a defendant would want to know before entering a plea agreement. On the facts of this case, the defendant's insistence that she is actually innocent is insufficient to show that she was prejudiced by counsel, and her claim for ineffective assistance of counsel must fail.

The defendant has also requested an evidentiary hearing and seeks to take depositions to investigate her claim of actual innocence. The defendant bears the burden of demonstrating a need for such a hearing. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). As explained above, the defendant's contention that she is innocent directly contradicts her own admissions during the change of plea hearing, and the defendant has provided no reason why the Court should no longer credit those statements.

## III.    Conclusion

For the foregoing reasons, the defendant's Motion (dkt. no. 26) to Vacate under 28 U.S.C. § 2255 is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge